UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| DUNLAP TOWING COMPANY, | CASE NO. C26-1431-KKE |
|---|---|
| Plaintiff(s), | ORDER DENYING APPLICATIONS TO ISSUE WARRANT FOR ARREST OF VESSELS |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendant(s). | |

This matter comes before the Court on Defendant-Counterclaimant United States of America's applications to order the issuance of warrants for the arrests of three vessels (Dkt. Nos. 8, 9, 10) and accompanying requests to hold in abeyance service of the warrants on the vessels and arrests of the vessels (Dkt. Nos. 11, 12, 13).  The United States requests that the Court "direct[] the Clerk of Court to issue to the United States Marshal a warrant for the arrest of Plaintiff and Counter-Defendant[s]" "Tug GENE DUNLAP (O.N. 540227)," "Tug HERCULES (O.N. 509555)," and "Tug POLAR STORM (O.N. 633263)."  Dkt. No 8 at 2, Dkt. No. 9 at 2, Dkt. No. 10 at 2.

An *in rem* action may be brought "[t]o enforce any maritime lien" or "[w]henever a statute of the United States provides for a maritime action *in rem* or a proceeding analogous thereto." Fed. R. Civ. P. Supp. Adm. & Mar. Cl. R. C(1).  "To commence an action in rem against a vessel, the plaintiff must file a verified complaint that describes the vessel 'with reasonable particularity'

ORDER DENYING APPLICATIONS TO ISSUE WARRANT FOR ARREST OF VESSELS - 1

and states that the vessel 'is within the district' or will be so 'while the action is pending.'" *Barnes v. Sea Hawaii Rafting, LLC*, 889 F.3d 517, 529 (9th Cir. 2018) (quoting Fed. R. Civ. P. Supp. Adm. & Mar. Cl. R. C(2)).  If, after reviewing a complaint, or, as here, a counterclaim, and any supporting papers, the Court determines that the conditions for an *in rem* action appear to exist, it "must issue an order directing the clerk to issue a warrant for the arrest of the vessel or other property that is the subject of the action."  Fed. R. Civ. P. Supp. Adm. & Mar. Cl. R. C(3)(a)(i).

The United States' request satisfies all but one of these requirements.  While it alleges in its counterclaim an *in rem* cause of action to enforce a maritime lien[1] (Dkt. No. 7 ¶¶ 128–142), alleges the vessels are within this District, and has verified its counterclaim (*id.* at 19), the United States fails to "describe with reasonable particularity the property that is the subject of the action."  Fed. R. Civ. P. Supp. Adm. & Mar. Cl. R. C(2)(b); *see, e.g.*, *Peoples Bank v. Norcoaster*, 2:22-CV-00127-RAJ, 2022 WL 800903 (W.D. Wash. Feb. 4, 2022) (denying motion for order authorizing clerk to issue warrant for arrest of vessel where plaintiff did "not describe the [vessel] at all"); *see also Leo's Welding and Fabrication LLC v. P/V Hannah*, 25-cv-0625-LK (W.D. Wash. Apr. 28, 2025), ECF No. 13 (same where plaintiff described the vessel using only its name and official number); *cf. Cahuenga Assocs. II v. S/V MAKO*, 256 F. Supp. 3d 1092, 1095 (S.D. Cal. 2017) (finding Admiralty Rule C requirements met when the complaint identified the vessel as a "2003 Farr 40 sailboat of approximately 40.5-feet in length, and 13-feet in beam"); *City of Brisbane v. M/Y Sasi Sue*, No. 3:19-cv-02496-RS, 2019 WL 3363791, at *2 (N.D. Cal. May 10, 2019), *report and recommendation adopted*, 2019 WL 3386267 (N.D. Cal. May 14, 2019) (finding reasonable particularity met when a complaint described the vessel as "a 38-foot

---

[1] The United States does not expressly reference any "lien," but alleges damages caused by the vessels which it seeks to arrest.  *See* Dkt. No. 7.  "The theoretical basis for the maritime lien rests on the legal fiction that the ship itself caused the loss and may be called into court to make good."  *Ventura Packers, Inc. v. F/V JEANINE KATHLEEN*, 305 F.3d 913, 919 (9th Cir. 2002).  "In general, maritime liens … exist to keep ships moving in commerce, while preventing them from sailing away from the debts they incur."  *Id.*

ORDER DENYING APPLICATIONS TO ISSUE WARRANT FOR ARREST OF VESSELS - 2

Bertram motor yacht").  Here, though the United States describes some of the damage suffered by the Beluga (Dkt. No. 7 ¶¶ 62–82), it does not describe the vessels it seeks to arrest at all apart from including the official number ("O.N.") of each.  *See* Dkt. No. 7 ¶¶ 128–142.

Accordingly, the Court DENIES all three motions to issue warrants for arrests of vessels (Dkt. Nos. 8, 9, 10) without prejudice to refiling, and DENIES as moot the requests to hold those warrants and arrests in abeyance (Dkt. Nos. 11, 12, 13).

Dated this 16th day of July, 2026.

Kymberly K. Evanson
United States District Judge