UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DUNLAP TOWING COMPANY,<br><br>Plaintiff(s),<br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant(s). | CASE NO. C26-1431-KKE<br><br>ORDER GRANTING APPLICATIONS TO ISSUE WARRANTS FOR ARREST OF VESSELS AND GRANTING REQUEST FOR ABEYANCE |

This matter comes before the Court on Defendant-Counterclaimant United States of America's applications to order the issuance of warrants for the arrests of three vessels (Dkt. Nos. 20, 22–23) and accompanying request to hold in abeyance service of the warrant on one of those vessels (Dkt. No. 21). The United States requests that the Court "direct[] the Clerk of Court to issue to the United States Marshal a warrant for the arrest of Plaintiff and Counter-Defendant[s]" "Tug GENE DUNLAP (O.N. 540227)," "Tug HERCULES (O.N. 509555)," and "Tug POLAR STORM (O.N. 633263)." Dkt. No 20 at 2, Dkt. No. 22 at 2, Dkt. No. 23 at 2.

An *in rem* action may be brought "[t]o enforce any maritime lien" or "[w]henever a statute of the United States provides for a maritime action *in rem* or a proceeding analogous thereto." Fed. R. Civ. P. Supp. Adm. & Mar. Cl. R. C(1). "To commence an action in rem against a vessel, the plaintiff must file a verified complaint that describes the vessel 'with reasonable particularity' and states that the vessel 'is within the district' or will be so 'while the action is pending.'" *Barnes*

*v. Sea Hawaii Rafting, LLC*, 889 F.3d 517, 529 (9th Cir. 2018) (quoting Fed. R. Civ. P. Supp. Adm. & Mar. Cl. R. C(2)). If, after reviewing a complaint, or, as here, a counterclaim, and any supporting papers, the Court determines that the conditions for an *in rem* action appear to exist, it "must issue an order directing the clerk to issue a warrant for the arrest of the vessel or other property that is the subject of the action." Fed. R. Civ. P. Supp. Adm. & Mar. Cl. R. C(3)(a)(i).

The United States previously filed applications to order the issuance of warrants for the arrests of these three vessels, along with accompanying requests to hold in abeyance service of the warrants, on July 13, 2026. Dkt. Nos. 8–13. The Court denied the applications, finding that while the United States alleged "an *in rem* cause of action to enforce a maritime lien, allege[d] the vessels are within this District, and has verified its counterclaim," it had "fail[ed] to 'describe with reasonable particularity the property that is the subject of the action.'" Dkt. No. 15 at 2 (quoting Fed. R. Civ. P. Supp. Adm. & Mar. Cl. R. C(2)(b)). As the Court explained, the United States did not describe the vessels it sought to arrest at all apart from including the official number ("O.N.") of each. *See id.* at 3.

The United States has rectified this deficiency in the instant applications for arrest warrants. It provides the following descriptions for the vessels:

- "Upon information and belief, Tug GENE DUNLAP (call sign WAS 2433) is a 112 ft., 164 GT, twin-screw ocean-going tugboat built in 1972 which hails from Seattle, WA." Dkt. No. 20 at 2.
- "Upon information and belief, Tug HERCULES (call sign WDE 2097) is an 81 ft., 128 GT, twin-screw tugboat built in 1967 registered at LaConner, WA, and which operates in and around Puget Sound, WA." Dkt. No. 22 at 2.

- "Upon information and belief, Tug POLAR STORM (call sign WDE 8347) is a 120 ft., 192 GT, twin-screw ocean-going tugboat built in 1981 which hails from Seattle, WA." Dkt. No. 23 at 2.

These descriptions satisfy the reasonable particularity requirement of Admiralty Rule C. *See, e.g.*, *Cahuenga Assocs. II v. S/V MAKO*, 256 F. Supp. 3d 1092, 1095 (S.D. Cal. 2017) (finding Admiralty Rule C requirements met when the complaint identified the vessel as a "2003 Farr 40 sailboat of approximately 40.5-feet in length, and 13-feet in beam"); *City of Brisbane v. M/Y Sasi Sue*, No. 3:19-cv-02496-RS, 2019 WL 3363791, at *2 (N.D. Cal. May 10, 2019), *report and recommendation adopted*, 2019 WL 3386267 (N.D. Cal. May 14, 2019) (finding reasonable particularity met when a complaint described the vessel as "a 38-foot Bertram motor yacht").

The Court therefore finds that the conditions for an *in rem* action appear to exist and GRANTS all three applications to issue warrants for arrests of the vessels (Dkt. Nos. 20, 22–23), and GRANTS the request that the service of *in rem* process of arrest of Tug GENE DUNLAP (O.N. 540227) be held in abeyance until further order of the Court (Dkt. No. 21).

Dated this 9th day of September, 2026.

Kymberly K. Evanson
United States District Judge